IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEKSEY LOSHA SOSONKO, | ) |
| Petitioner, | ) ) ) 3:23-cv-257 |
| vs. | ) ) ) Hon. J. Nicholas Ranjan |
| MICHAEL UNDERWOOD, WARDEN, F.C.I. LORETTO, *et al.*, | ) ) Magistrate Judge Keith A. Pesto |
| Respondent. | ) ) |

**MEMORANDUM ORDER**

This case concerns a petition for a writ of habeas corpus filed by Aleksey Losha Sosonko pursuant to 28 U.S.C. § 2241. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court applicable to Magistrate Judges.

Currently before the Court is ECF 13, a Report & Recommendation filed by Judge Pesto on February 10, 2025, recommending that the Court dismiss Mr. Sosonko's Petition for Writ of Habeas Corpus (ECF 7) for lack of jurisdiction. The parties were notified that, pursuant to 28 U.S.C. § 636(b)(1)(B), objections to the Report & Recommendation were due by February 27, 2025. No objections were filed.

Upon a clear-error review of the record of this matter and the Report and Recommendation, the Court will modify the R&R, and find that the Court has jurisdiction to consider Mr. Sosonko's Section 2241 petition, but that it fails on the merits.

In his Section 2241 petition, Mr. Sosonko challenges the BOP's denial of earned time credit pursuant to the First Step Act (FSA). Construing his petition in this manner, the Court finds that it has jurisdiction to consider the petition. However, as the R&R correctly concluded, Mr. Sosonko is statutorily ineligible to receive earned time credit under the FSA because he is serving a sentence for a kidnapping

conviction under 18 U.S.C. § 1201(c). And under 18 U.S.C.§ 3632(d)(4)(D), a prisoner is ineligible to receive earned time credit if he is serving a sentence for a conviction under any section of chapter 55, related to kidnapping. 18 U.S.C.§ 3632(d)(4)(D).

Mr. Sosonko's kidnapping conviction hasn't been set aside or vacated in any manner, and to the extent that he is challenging his kidnapping conviction, he cannot do so here.[1] So the Court must deny Mr. Sosonko's petition.

---

[1] If Mr. Sosonko seeks to challenge his kidnapping conviction, he must do so through a motion pursuant to 28 U.S.C.§ 2255 in the sentencing court. *See Voneida v. Johnson*, 88 F.4th 233, 236 (3d Cir. 2023) ("[A] federal prisoner seeking to collaterally attack his sentence generally must do so under § 2255 rather than § 2241. To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 unless the § 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'" (cleaned up) (quoting 28 U.S.C. § 2255(e)). Mr. Sosonko has not shown why a Section 2255 motion in the sentencing court would be inadequate or ineffective.

The Court declines to adopt the R&R to the extent that it concludes that Mr. Sosonko "cannot meet the gatekeeping requirements set out in Section 2255(h) for filing a second" motion to vacate under Section 2255. ECF 13, p. 3. Mr. Sosonko was sentenced in 2016 to Conspiracy to Affect Commerce by Robbery (Count 1), aiding and abetting kidnapping (Count 4), and using a firearm during a crime of violence (Count 6). *See United States v. Sosonko*, No. 15-0261, 2024 WL 3618670 (D. Md. Aug. 1, 2024) (summarizing procedural history). In 2017, Mr. Sosonko filed a Section 2255 motion to vacate the conviction on Count 6. The sentencing court granted the motion in 2019, and ordered the vacatur of the judgment of conviction with respect to Count 6. Mr. Sosonko was resentenced on Counts 1 and 4 in 2020.

Because the resentencing resulted in new judgments as to Counts 1 and 4, a second-in-time Section 2255 motion would not count as a "second or successive motion" under Section 2255(h). *See Lesko v. Sec'y Pennsylvania Dep't of Corr.*, 34 F.4th 211, 225 (3d Cir. 2022) ("[W]here a court undertakes a *de novo* resentencing as to all counts of conviction if any count is vacated... the resentencing might constitute a new judgment as to every count of conviction....Resentencing creates a new judgment as to each count of conviction for which a new or altered sentence is imposed, while leaving undisturbed the judgments for any counts of conviction for which neither the sentence nor the conviction is changed. [Petitioner] was resentenced as to all counts of his conviction; as a result, his [habeas] claims are not barred as second-or-successive." (cleaned up)); *Woodfolk v. Maynard*, 857 F.3d 531, 543 (4th Cir. 2017) ("[A] numerically second habeas petition that is the first to challenge a new judgment following a resentencing is not a 'second or successive' petition requiring appellate

-2-

AND NOW, this 14th day of May, 2025, it is **ORDERED** that Judge Pesto's Report & Recommendation (ECF 13) is **MODIFIED** as noted above, and that the Petition is hereby **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:
Aleksey Losha Sosonko
Reg. No. 58733-037
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630

---

court preauthorization, whether the petition challenges the new sentence or the undisturbed, underlying conviction.").