IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEKSEY LOSHA SOSONKO, | ) |
| | ) |
| Petitioner, | ) 3:23-cv-257 |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL UNDERWOOD, WARDEN, F.C.I. LORETTO, *et al.*, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM ORDER

Before the Court is ECF 16, Petitioner Aleksey Losha Sosonko's objections to the Court's May 14, 2025, order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court will construe Mr. Sosonko's objections as a motion for reconsideration. For the following reasons, the Court denies his motion.

Mr. Sosonko argues that, although he is ineligible to receive earned time credit under the First Step Act (FSA) for his kidnapping conviction under 18 U.S.C. § 1201(c), he is eligible to receive earned time credit for the other offense he was convicted of, Conspiracy to Affect Commerce by Robbery, because that offense is FSA-eligible.

The scope of a motion for reconsideration "is extremely limited" and must rely on at least one of these grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the habeas petition]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (cleaned up).

None of these grounds are applicable here. Mr. Sosonko does not point to any new evidence or any intervening change in the controlling law—notwithstanding his assertion about the "post-*Chevron* legal landscape." Mr. Sosonko also has not pointed to a clear error of law or fact. The only ground raised in his habeas petition

challenging the BOP's denial of earned time credit was that his kidnapping conviction is invalid because the victim was not taken across state lines, and neither his petition nor this present motion discusses any consecutive sentences.[1] ECF 7, p. 4.

Therefore, the Court denies Mr. Sosonko's motion for reconsideration (ECF 16).

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:
Aleksey Losha Sosonko
Reg. No. 58733-037
F.C.I. Loretto
P.O. Box 1000
Cresson, PA 16630

---

[1] Indeed, while Mr. Sosonko argues that defendants convicted of multiple offenses and sentenced to consecutive terms of imprisonment—with one of those terms excluded under the FSA— are eligible to receive earned time credit for the portion of the sentences that are FSA-eligible, Mr. Sosonko was sentenced to *concurrent* terms of imprisonment at Counts 1 and 4. *See United States v. Sosonko*, No. 15-0261, 2024 WL 3618670, at *6 (D. Md. Aug. 1, 2024).

Further, the Court notes that the Third Circuit recently rejected an argument similar to that raised by Mr. Sosonko. *See Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) ("[A]s the District Court concluded, the BOP properly aggregated [petitioner's] convictions as a single sentence for purposes of FSA time credits.").